THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Kim Morgan, Appellant,
v.
South Carolina Department of Social Services, Respondent.
 
 
 

Appeal From Greenville County
 R. Kinard Johnson, Jr., Family Court Judge

Unpublished Opinion No. 2006-UP-354
Submitted October 1, 2006  Filed October 19, 2006   

AFFIRMED

 
 
 
Lisa Richardson Mobley, of Greenville, for Appellant
Rose Mary McGregor, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Kim Morgan appeals the family courts affirmance of the South Carolina Department of Social Services (DSS) order finding an indicated case of Morgans physical neglect of a student at the childcare center at which Morgan worked.  She also appeals the placement of her name on the Central Registry of Child Abuse and Neglect.  We affirm.[1]  
FACTUAL/PROCEDURAL BACKGROUND
This case arises from an incident in which a three-year old special needs child was left on a childcare centers bus for approximately four hours.   Morgan worked at A Childs Haven childcare center where her primary responsibility was that of lead teacher and classroom manager of the three to four-year old classroom.  One day a week, she would serve as monitor on one of the centers buses.  On the day of the incident, the child boarded the bus on which Morgan served as monitor at 7:56 a.m.  Another center employee drove the bus.  The bus arrived at the childcare center at 8:56 a.m.  At approximately 1:00 p.m., the bus driver returned to the bus for the afternoon run and discovered the child still strapped in her seatbelt on the bus.  The driver brought the child to the director, gave her a banana and juice, and then took her home.[2]  
The childs aunt testified that on the night of the incident, the child was crying a lot, clingy, wanted to be held, and would not sleep in her own bed. Since then, the child has exhibited fearful behaviors such as kicking, crying, restlessness, and a continued refusal to sleep in her own bed.  { The child had previously been diagnosed with aggressive behavior with developmental delays.[3]  
The director of the childcare center immediately reported the incident to the DSS, which cited the center for lack of supervision.  The director of the center and DSS entered into a corrective action plan on September 29, 2004.     
DSS also commenced an investigation of Morgan and the driver of the bus.  Investigator Bobby Seepersaud interviewed Morgan, the driver, the center director, and others involved.  He concluded the incident was an indicated case of physical neglect. Morgans name was placed on the Central Registry of Child Abuse and Neglect pursuant to S.C. Code section 20-7-670(I).[4]  Morgan appealed this determination.  After a fair hearing, DSS upheld the indicated finding of physical neglect.  Morgan appealed to the family court, which affirmed DSSs decision.  Morgan filed a motion to alter or amend asking that at least her name be removed from the Central Registry.  The family court found it had no discretion under section 20-7-670 regarding the placement of Morgans name upon an indicated finding of physical neglect.  Accordingly, the court denied her motion.  This appeal followed. 
STANDARD OF REVIEW
In reviewing the decision of DSS, the standard of review set forth in the Administrative Procedures Act applies. S.C. Code Ann. § 20-7-655 (Supp. 2005).  Thus, the reviewing court must not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. S.C. Code
Ann. § 1-23-380(A)(6) (2005).  The court may not overrule an agencys decision unless: 

substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
(a) in violation of constitutional or statutory provisions;
(b) in excess of the statutory authority of the agency;
(c) made upon unlawful procedure;
(d) affected by other error of law;
(e) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record;  or
(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C. Code Ann. § 1-23-380(A)(6) (2005).   
Substantial evidence is not a mere scintilla of evidence nor evidence viewed blindly from one side, but is evidence which, when considering the record as a whole, would allow reasonable minds to reach the conclusion that the agency reached.  Tennis v. South Carolina Dept of Soc. Servs., 355 S.C. 551, 558, 585 S.E.2d 312, 316 (Ct. App. 2003).
DISCUSSION
1.  Finding of neglect
Morgan argues the family court erred in finding that she had physically neglected the child.  We disagree.  
According to statute, child abuse or neglect occurs when a person responsible for the childs welfare inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . .  S.C. Code § 20-7-490(2)(a) (Supp. 2005).  A person responsible for a childs welfare includes a caregiver at a childcare facility.  S.C. Code Ann. § 20-7-490(3) (Supp. 2005).  
Morgan was serving as a caregiver at a childcare facility at the time of the incident.  In her brief, Morgan asserts that it was the bus driver rather than she who was the person responsible for the childs welfare.  However, at the hearing, Morgan acknowledged that as the bus monitor it was her responsibility to buckle the children in, monitor behavior, help the driver with any problems on the bus, and get the children off the bus.  In this case, she failed to unbuckle the child and left her on the bus for four hours.  Being left strapped in a closed vehicle for four hours certainly present[s] a substantial risk of physical or mental injury to the child.  As DSSs Final Administrative Order notes, It was fortunate that the day this happened was overcast and not bright and sunny or the consequences to [the child] could have been severe, placing her in great risk of physical harm or death.  
Accordingly, we agree with the circuit court that DSSs finding of an indicated case of abuse or neglect is supported by substantial evidence.  
2.  Equal Protection
Morgan argues the application of South Carolina Code section 20-7-670 regarding intervention by child welfare agencies violates her rights to equal protection under the law as childcare employees are treated differently and are not afforded the same rights and privileges as individuals employed in other similarly situated facilities and institutions.  Morgan failed to raise this issue to the circuit court.  Accordingly, we find the issue is not properly before this court.  In re McCracken, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) (constitutional claim must be raised to and ruled upon by the lower court to be preserved for appellate review).
CONCLUSION
For the above stated reasons, the order of the family court is 
 AFFIRMED.
ANDERSON, HUFF, and SHORT, JJ. concur. 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The child normally would have breakfast, lunch, and afternoon snack at the center.  
[3] The childs birth mother had used drugs during her pregnancy and the child was born with crack cocaine in her system.  When the child was four months old, her father dropped her on the floor and she fractured her skull. 
[4] This section provides:

When the investigation performed pursuant to this section results in a determination that an individual has harmed a child or threatened a child with harm, as defined in Section 20-7-490, the name of that individual must be entered immediately in the Central Registry of Child Abuse and Neglect. The department must notify the individual in writing by certified mail that his name has been entered in the registry, of his right to request an appeal of the decision to enter his name in the registry, and of the possible ramifications regarding future employment and licensing if he allows his name to remain in the registry. The procedures set forth in Section 20-7-655 apply when an individual challenges the entry of his name in the registry and challenges of the entry in the registry pursuant to this subsection must be given expedited review in the appellate process.

S.C. Code Ann. § 20-7-670(I) (Supp. 2005).